CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHANA L. KENNEDY, et al., ) | |
| Plaintiff, ) | Civil Action No. 7:08cv579 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| VIRGINIA POLYTECHNIC ) | |
| INSTITUTE & STATE UNIVERSITY, ) | By: Hon. James C. Turk |
| Defendant. ) | Senior United States District Judge |

This case is before the court on defendant Virginia Polytechnic Institute & State University's ("Virginia Tech") motion to dismiss Count Two of plaintiff Shana L. Kennedy's Amended Complaint ("Second MTD"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon review of the Amended Complaint and the parties' briefing, the court finds that defendant's Second MTD must be granted in part and denied in part.[1]

I.

Virginia Tech hired Kennedy as an Assistant Director of Development on or about March 16, 2006. (Amended Complaint, ¶ 14, Dkt. No. 15.) Approximately one year later, Kennedy began applying for other Development positions at Virginia Tech. (Id., ¶¶ 15-17, 32-35.) On July 9, 2007, Kennedy received an offer to become an Assistant Director of Development for the College of Engineering, an offer that Kennedy accepted. (Id., ¶¶ 41, 68.)

---

[1] Virginia Tech originally filed a motion to dismiss on December 19, 2008 ("First MTD"). (Dkt. No. 5.) On March 20, 2009, the parties argued the First MTD, but after the hearing the court granted leave to Kennedy to file an Amended Complaint and held Virginia Tech's motion in abeyance. (Dkt. No. 14.) Kennedy filed her Amended Complaint on April 3, 2009 (Dkt. No. 15), and Virginia Tech filed its Second MTD on April 17, 2009. (Dkt. No. 19.) The parties then informed the court that they did not believe additional oral argument was necessary, choosing to stand on their submissions as well as the relevant arguments made during the March 20, 2009 hearing. Virginia Tech also informed the court that it was abandoning those arguments made in its First MTD that were not reasserted in Second MTD. Therefore, the court will focus solely on the Second MTD, and deny the First MTD as moot.

1

In her two-count Amended Complaint, Kennedy seeks equitable and monetary relief under the Equal Pay Act ("EPA"), as amended, 29 U.S.C. §§ 206(d), 215(a)(3). In Count One, Kennedy alleges that Virginia Tech violated the EPA by compensating her and similarly situated female employees less than the rate of compensation similarly situated male employees received for equal work. (Id., ¶¶ 2, 91-92.) In Count Two, Kennedy alleges that Virginia Tech retaliated against her because she complained about the discrimination alleged in Count One. (Id., ¶¶ 4, 101.)

## II.

As Kennedy asserts claims arising under the EPA, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1311.

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. It does not resolve disputes "surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint should not be dismissed as failing to state a claim "unless 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001) (citation omitted).

## III.

Virginia Tech argues that Kennedy has not sufficiently pled any of the three elements required for a successful retaliation claim: (1) that Kennedy engaged in a protected activity; (2) that Virginia Tech took adverse action against her; and (3) a sufficient causal connection

2

between elements (1) and (2). (Second MTD at 5 (citing <u>Boyd v. Rubbermaid Commercial Prod., Inc.</u>, 135 F.3d 769 (4th Cir. 1998) (<u>per</u> <u>curiam</u>).)

In the Amended Complaint, Kennedy alleges that between April 2007 and July 2007, she complained internally within Virginia Tech about the discriminatory conduct of a Robert Bailey, Virginia Tech's Senior Director of Regional Major Gifts, both towards Kennedy and another female employee of Virginia Tech's Development Department. (Amended Complaint, ¶¶ 4, 31-34, 36-37, 43-44.)

The EPA's retaliation provision states that it shall be unlawful for any person:

> to discharge or in any other manner discriminate against any employee because such employee has <u>filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter</u>, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee

29 U.S.C. § 215(a)(3) (emphasis added). The parties dispute whether, in the Fourth Circuit, the "complaint" clause of § 215(a)(3) (emphasized above) requires filing an external complaint (to an administrative agency or judicial proceeding), or if internal complaints to one's employer can constitute a protected activity.

Virginia Tech argues that <u>Ball v. Memphis Bar-B-Q Co., Inc.</u> 228 F.3d 360, 364 (4th Cir. 2000) established that internal complaints cannot qualify as a protected activity under § 215(a)(3), as evidenced by subsequent decisions within the Fourth Circuit. <u>See</u> <u>Meredith-Clinevell v. Dep't of Juvenile Justice</u>, 344 F. Supp.2d 951 (W.D. Va. 2004); <u>Bell-Holcombe v. Ki, LLC</u>, 582 F. Supp.2d 761 (E.D. Va. 2008). In opposition, Plaintiff argues that these lower courts have misconstrued the <u>Ball</u> decision, and that internal complaints can properly constitute a protected activity.

Ball claimed that he was "fired . . . in retaliation for his anticipated refusal to testify in a

3

threatened lawsuit as his employer wished." Ball, 228 F.3d at 363. Notably, that lawsuit was not on behalf of Ball, but a co-worker's planned suit, the existence of which Ball had communicated to his employer. Id. at 362. The Fourth Circuit held that "even though Ball's allegations describe morally unacceptable retaliatory conduct, we would not be faithful to the language of the testimony clause of the FLSA's anti-retaliation provision if we were to expand its applicability to intra-company complaints or to potential testimony in a future-but-not-yet-filed court proceeding." Id. at 364.

As illustrated above, the Ball decision focused on the "testimony," rather than "complaint," clause of § 215(a)(3). In fact, in a footnote the Fourth Circuit made this distinction explicit: "Because Ball did not make a complaint to Memphis Bar-B-Q but only communicated Linton's complaint to the company's president, he correctly does not invoke the complaint clause of 29 U.S.C. § 215(a)(3), relying instead on the testimony clause." Id. at 363 n.* The Fourth Circuit then noted that it had "construed the scope of similar complaint-clause language in another context. See Rayner v. Smirl, 873 F.2d 60 (4th Cir.1989) (interpreting complaint clause in the Federal Railroad Safety Act, 45 U.S.C. § 441(a) (repealed 1994), to include intra-corporate complaints). Id. (emphasis added). Based on this footnote, and the fact that the retaliation language in the Federal Railroad Safety Act referenced above was identical to § 215(a)(3), plaintiff argues that ~~that~~ internal complaints should be found to satisfy the complaint clause of § 215(a)(3). (Opp. Br. at 9-11, Dkt. No. 20.)

While plaintiff's arguments are well-reasoned, this is not an issue of first impression within this district. Based on the applicable case-law, the court holds that Kennedy's internal complaints to Virginia Tech do not constitute a protected activity that can be the basis of a retaliation claim under § 215(a)(3). See Whitten v. City of Easley, S.C., 62 Fed. App'x 477, 480

4

(4th Cir. 2003) ("Whitten claims that the City of Easley discharged him because he complained to management . . . . However, this Court has expressly held that the FLSA's anti-retaliation provision does not extend to internal complaints.") (citing Ball, 228 F.3d at 364); Meredith-Clinevell, 344 F. Supp.2d at 955 ("Upon reviewing the plain language of § 215(a)(3) and the relevant case law, the court agrees that Ms. Meredith-Clinevell's informal complaints to supervisors do not fall within one of the three categories of protected activities."). To the extent that Ball's distinctions about the complaint clause might suggest a contrary result, the court finds that these statements are dicta.

The determination that internal complaints are not a protected activity under the EPA does not dispose of the issues before the court, as Kennedy alternatively argues that "on or about June 16, 2008, Plaintiff did, in fact, file a Charge of Discrimination with the Virginia Human Rights Council and Equal Employment Opportunity Commission ("EEOC") alleging unequal pay and retaliation." (Opp. Br. at 11.)[2] The court finds that these acts constitute protected activities, satisfying the "filed any complaint" requirement of § 215(a)(3).

As for the other two elements of Kennedy's retaliation claim, the court finds that at this stage of the proceedings, Kennedy has sufficiently alleged that Virginia Tech took adverse actions against her. (See Opp. Br. at 12.) While Kennedy has also sufficiently pled a causal connection, this causal connection is limited to those adverse actions alleged to have occurred after June 16, 2008, the date that Kennedy engaged in protected activities. See 29 U.S.C. § 215(a)(3) (a retaliation claim may only exist if an employer "discharge[s] or in any other manner

---

[2] These external complaints were not alleged in the Amended Complaint. Although this pleading choice is highly questionable, the court finds that filing charges of discrimination with the Virginia Human Rights Council and EEOC is consistent with Kennedy's other allegations, and therefore addresses the impact of these new facts in the instant decision.

5

discriminate[s] against any employee <u>because</u> such employee has filed any complaint) (emphasis added). The court will narrow Count Two of the Amended Complaint accordingly.

### IV.

For the stated reasons, Virginia Tech's Second MTD (Dkt. No. 19) will be **GRANTED** in part and **DENIED** in part. Count Two of Kennedy's Amended Complaint will be narrowed to state a claim for retaliation only for adverse events alleged to have occurred after June 16, 2008. Additionally, Virginia Tech's First MTD (Dkt. No. 5) will be **DENIED as MOOT**.

The Clerk is directed to send a copy of this opinion and accompanying order all counsel of record.

**ENTER:** This 12th day of May, 2009.

/s/ James C. Turk
Senior United States District Judge