CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 25 2010

JOHN F. CORCORAN, CLERK
BY:
　　DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHANA L. KENNEDY, *et al.*, | ) |
| | ) Civil Action No. 7:08-cv-00579 |
| Plaintiffs, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| VIRGINIA POLYTECHNIC | ) |
| INSTITUTE & STATE UNIVERSITY, | ) By: Hon. James C. Turk |
| | ) Senior United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This case comes before the court on Defendant's Partial Motion to Dismiss Hofberg's Claims and Rule 23 Class Claims (Dkt. No. 41) and Defendant's Renewed Partial Motion to Dismiss Hofberg's Claims and Plaintiffs' Rule 23 Class Claims (Dkt. No. 58) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Virginia Polytechnic Institute and State University ("VPI") argues that Plaintiff Hofberg's claims under the Equal Pay Act and Title VII of the Civil Rights Act of 1964 should be dismissed as time-barred. Defendant VPI further argues that the Plaintiff's class action claims under Rule 23 of the Federal Rules of Civil Procedure should be dismissed for failure of the claims to meet the requirements of a class under the rule. For the reasons explained herein, the Court **GRANTS** Defendant's Motions in part and **DENIES** them in part.

### I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a)(2). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in

the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).

## II. Factual Background and Procedural History

Plaintiffs allege that female employees in the Division of Development and University Relations ("University Development Office") at VPI were paid less than similarly situated male employees for equal work on the same job. Specifically, they allege that Plaintiff Kennedy requested a starting salary of $68,500 when interviewing for an internal promotion to the Regional Director position, because the male who had last occupied the position had initially earned this. Plaintiffs claim that Robert Bailey, VPI's Senior Director of Regional Major Gifts, informed Kennedy that she would earn a lower starting salary of $47,000 were she to be offered the position.[1] Kennedy later withdrew her application for the Regional Director position. Plaintiffs further claim that Kennedy was ultimately offered an internal promotion to a position as Associate Director of Development for the College of Engineering at a salary of $58,000, which was lower than the salary that VPI pays to similarly situated males for equal work on the same job. Plaintiffs allege that this offer included benchmarks that Kennedy was required to meet in order to receive a title promotion and raise, and asserts that similarly situated male employees were not required to meet these benchmarks. Plaintiffs allege that in January of 2008,

---

[1] Plaintiffs note that Bailey later informed Kennedy that he might be able to offer her $68,500 for the position.

2

VPI hired Chris Lawson for the Associate Regional Director position for $67,000, and required no benchmarks of him.

In addition to specific claims made regarding Kennedy, Plaintiffs allege that Getra Hanes faced retaliation for failing to submit to Bailey's sexual advances, and that she was ultimately terminated after raising issues of gender discrimination with human resources officers at VPI. Plaintiffs allege numerous instances where Kennedy faced retaliation or reprimand for raising gender discrimination or sexual harassment concerns involving herself or others. Plaintiffs claim that two former female employees of the University Development Office resigned because they were paid less than similarly situated male employees.

Plaintiff Hanes filed a charge with the Virginia Council on Human Rights on October 10, 2007, claiming gender discrimination and retaliation under Title VII. Plaintiff Kennedy initially filed this suit as the lead opt-in plaintiff. Hofberg joined the suit and opted into the EPA claim on December 12, 2008; Hanes filed an Opt-in Notice on July 23, 2009.

### III. Analysis

**A. Plaintiff Hofberg's Title VII Claim**

Defendant VPI argues that Plaintiff Hofberg's Title VII claims should be dismissed for lack of jurisdiction because her claim is not timely. In order to exhaust her administrative remedies, a party must file a charge with the EEOC prior to filing a complaint under Title VII. 42 U.S.C. § 2000e-5(f)(1). In Virginia, a party must file this charge within three hundred days of the alleged discrimination. See Edelman v. Lynchburg Coll., 300 F.3d 400, 404 (4th Cir.) ("Because Virginia is a "deferral state," Edelman had 300 days from the last date of discrimination to file a charge with the EEOC."). See also id. at 400 n. 3 ("Virginia is a deferral state because the [Virginia commission on Human Rights] possesses "authority to . . . seek relief

from" the alleged unlawful employment practice.") (citations omitted); Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 439 (4th Cir. 1998) ("[T]he limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency, that is, "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1)."). Hofberg resigned from the University Development Office at VPI on August 2, 2006. She failed to file a charge with the EEOC within 300 days as required in Virginia. In their Supplemental Briefing in Response to Defendant's Motion to Dismiss, Plaintiffs concede that Hofberg's Title VII claim was stale and that her claim was not revived under the single-filing rule.[2] Because Hofberg failed to timely file a charge with the EEOC prior to opting-in to this case, and because Plaintiffs concede that her stale claim has not been revived, the Court finds that Hofberg fails to state a claim for which relief can be granted. Therefore, Hofberg's Title VII claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[2] The single-filing rule is an exception to the requirement that a party file a charge with the EEOC prior to intervening in a Title VII action where the original plaintiff timely filed a charge. See King v. McMillan, 233 Fed. Appx. 242, 243–4 (4th Cir. 2007) ("When the other requirments for intervention are satisfied, a number of circuits allow intervenors in discrimination suits to rely on the original plaintiff's EEOC charge in lieu of requiring each to file an individual charge with the agency."). The Fourth Circuit has not adopted the single-filing rule except in class actions. See id. at 244 ("While our circuit has long applied this "single-filing rule" to class actions, we have never decided whether the rule may be applied to intervenors.") (citations omitted). Regardless, the rule does not apply where, as here, the intervening plaintiff's claims are "stale;" that is, at the time the lead plaintiff filed a charge with the EEOC, more than 300 days (or 180 days in the case of non-deferral states) had passed since the intervenor suffered the alleged discrimination. See King v. McMillan, 2006 WL 27700, at *2 (W.D.Va. 2006) ("The "single-filing rule" does not apply to statutorily barred claims and, therefore, cannot resuscitate those stale claims.").

### B. Plaintiff Hofberg's EPA Claim

Defendant VPI argues in their first Partial Motion to Dismiss that Hofberg's claims under the Equal Pay Act should be dismissed as time-barred. In the Renewed Motion to Dismiss, VPI notes that, while not renewing its argument that Hofberg's EPA claim is improper, they do not waive that argument and may renew the claim in a later summary judgment motion. Therefore, the Court will not address the EPA argument at this time.

### C. Plaintiffs' Class Action Claim

Defendant VPI argues that Plaintiffs' class action allegations should be dismissed for failure to meet the requirements of a class under Federal Rule of Civil Procedure 23(a). Rule 23 allows one or more member members of a class to sue as representatives of the entire class when: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. PRO. 23(a). VPI argues that "the proposed class does not meet the numerosity requirement; the proposed members of the class have more differences than common questions of law and fact, and finally, the claims of the lead plaintiff, Kennedy, are not typical of the claims of the other proposed members of the class." In addition, VPI argues in its Reply Memorandum in Support of Partial Motion to Dismiss that the opt-in claim brought under the EPA is legally irreconcilable with the opt-out Rule 23 class action brought under Title VII, and the Title VII claim should therefore be dismissed.

As they point out in their Memorandum in Opposition to Defendant's Partial Motion to Dismiss, Plaintiffs have not yet moved for certification of a Rule 23 class in this case. Rule 23

dictates that "the court must determine by order whether to certify the action as a class action." FED. R. CIV. PRO. 23(c)(1)(A). Thus, a class action does not exist until a court has certified a class. VPI's motion to dismiss Plaintiffs' class action claim is premature. This Court will not dismiss class action allegations where the Plaintiffs have not yet moved to certify a class under Rule 23. Therefore, Defendant VPI's motion to dismiss Plaintiffs' class action claim is denied.

## IV. Conclusion

This Court lacks jurisdiction over Plaintiff Hofberg's Title VII claim because Hofberg failed to file a timely charge with the EEOC and the claim is therefore time barred and dismissed. Defendant VPI has failed to show that this Court lacks jurisdiction over Plaintiffs' class action allegations because Plaintiffs have not yet moved the Court to certify a class, and the class action claim is therefore not dismissed.

For the stated reasons, the Defendant's Partial Motion to Dismiss (Dkt. No. 41) and Renewed Motion to Dismiss (Dkt. No. 58) are **GRANTED** in part and **DENIED** in part. An appropriate order shall issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to the petitioner and counsel of record for the respondent.

ENTER: This 25th day of March, 2010.

*[signature]*
Senior United States District Judge