CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SHANA L. KENNEDY;<br>ERIN HOFBERG;<br>GRETA HANES,<br><br>Plaintiffs<br><br>v.<br><br>VIRGINIA POLYTECHNIC INST. &<br>STATE UNIV.,<br><br>Defendant. | Civil Action No. 7-08-cv-00579<br><br>MEMORANDUM OPINION<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

This matter comes before the Court on the Plaintiffs' Motion for Class Certification under Rule 23 of the Federal Rules of Civil Procedure. For the reasons stated below, the Plaintiffs' motion is denied.

I. **Factual Background and Procedural History**

Plaintiff Shana Kennedy ("Kennedy") filed suit against Defendant Virginia Polytechnic Institute and State University ("Virginia Tech") on October 7, 2008 alleging that Virginia Tech discriminated against her and other similarly situated female employees in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), *et seq.*, and that Virginia Tech retaliated against Kennedy in violation of the EPA, 29 U.S.C. § 215(a)(3), *et seq.* Kennedy brought her EPA suit under the Fair Labor Standards Act representative action provision, 29 U.S.C. § 216(b). In these collective actions, similarly situated employees may join the plaintiff's case, but the employees must affirmatively opt into the case by filing a written consent to join. *Id.* On December 12, 2008, Plaintiff Erin Hofberg ("Hofberg") opted into Kennedy's EPA suit against Virginia Tech.

Upon receiving leave of this Court to file a second amended complaint, on July 24, 2009, Plaintiffs Kennedy and Hofberg added sex discrimination and retaliation claims against Virginia Tech for violations of Title VII, 42 U.S.C. §2000e-2–3. On July 27, 2009, Plaintiff Greta Hanes opted into Plaintiff Kennedy's EPA collective action suit. The EPA claim alleges that Virginia Tech failed to justly compensate Kennedy and similarly situated female employees on the basis of sex "by compensating them at a rate less than [that] which it pays similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions." Second Amended Complaint at ¶ 2. The Title VII claim alleges that this unequal pay scheme constitutes sex discrimination. Second Amended Complaint at ¶ 5. The Plaintiffs seek monetary and injunctive relief against Virginia Tech.

The Plaintiffs ask this Court for an order, pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure, certifying this case as a class action, of which the putative class members must affirmative opt out should they wish not to participate in the suit. Plaintiffs ask the Court to name them as the representatives of "all present and former female employees in Virginia Tech's Division of Development and University Relations who were compensated at a rate less than the rate at which Virginia Tech compensates similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were preformed under similar working conditions." Second Amended Complaint at ¶ 101. Defendant does not dispute the proposed class definition, though Defendant opposes certification on myriad grounds.

**II. Standard of Review**

Before a court may certify a class action, it must first conduct a "rigorous analysis" to determine if the prerequisites of Rule 23(a) have been satisfied. *Gen. Tel. of Southwest v. Falcon*, 457 U.S. 147, 156 (1981). The court's rigorous analysis does not extend to hearing challenges to the merits of the class plaintiffs' case. *See Lilly v. Harris-Teeter Supermarket*, 720 F.2d 326, 332–33 (4th Cir. 1983) (holding that "[c]ertification is only concerned with the commonality (not the apparent merit) of the claims and the existence of a sufficiently numerous group of persons who may assert those claims . . ."). Rather, a court's analysis must be limited to whether all of the following threshold prerequisites have been met: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). If the proposed class fails any of these requirements, the class cannot be certified as a matter of law. *Falcon*, 457 U.S. at 161. Furthermore, the plaintiffs bear the burden of establishing that each of these requirements is satisfied. *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004); *Linehart v. Dryvit Systems, Inc.*, 255 F.3d 138, 146 (4th Cir. 2001).

### III. Analysis

Class actions are appropriate only if the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1). There is no exact number threshold to be cleared for joinder to be impracticable. *See Gen. Tele. of the Northwest v. EEOC*, 446 U.S. 318, 330 (1980). The Fourth Circuit holds that "[t]here is no mechanical test for determining whether in a particular case the requirement of numerosity has been satisfied." *Kelley v. Norfolk & W. Ry. Co.*, 584 F.2d 34, 35 (4th Cir. 1978). Instead, it is within the sound discretion of the court to

resolve the issue of numerosity "in light of the facts and circumstances of the particular case." *Id.* While there is no bright line test, "it is well settled that one or two will not meet the numerosity test." *Brown v. Eckerd Drugs, Inc.*, 669 F.2d 913 (4th Cir. 1981). "Practicability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Kilgo v. Bowman Transp.*, 789 F.2d 859, 878 (1986) (11th Cir. 1986). In this case, the combined weight of all of these factors—the size of the putative class, the ease of identifying its numbers and determining the plaintiffs' addresses, the facility of making service on them if joined, and their geographic dispersion—speaks against certifying Kennedy's claim as a class action.

### A. Size of Putative Class

A nationwide survey of federal court decisions signals that it is exceedingly rare to certify classes with less than 25 members. *See, e.g., Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003); *Nat'l Ass'n of Gov't Employees v. City Public Serv. Bd. of San Antonio*, 40 F.3d 698 (5th Cir. 1994); *Tate v. Weyerhaeuser Co.*, 723 F.2d 598 (8th Cir. 1983), *cert. denied*, 469 U.S. 847 (1983); *Hodge v. McLean Trucking Co.*, 607 F.2d 1118 (5th Cir. 1979); *Lee v. Macon County Bd. of Educ.*, 498 F.2d 1090 (5th Cir. 1974); *Hill v. Am. Airlines Inc.*, 479 F.2d 1057 (5th Cir. 1973); *Chappelle v. E.I. Dupont de Nemours & Co.*, 422 F.Supp. 17 (E.D. Va. 1976); *Ackerman v. Bd. of Educ. of the City of New York*, 372 F.Supp. 274 (S.D.N.Y. 1974); *Lang v. Kansas City Power & Light Co.*, 199 F.R.D. 640 (W.D. Mo. 2001); *CL-Alexanders Laing & Cruickshank v. Goldfield*, 127 F.R.D. 454 (S.D.N.Y. 1989) (all holding that classes containing less than 25 members could not satisfy the numerosity requirement of Rule 23(a)).

Additionally, courts seem much more willing to certify a class if it has more than 40 members. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir.1995) ("[N]umerosity is presumed at a level of 40 members.") (citation omitted)); *Casale v. Kelly*, 257 F.R.D. 396, 405 (S.D.N.Y.2009) ("Sufficient numerosity can be presumed at a level of forty members or more." (footnote omitted)); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D.Cal.2009) ("[N]umerosity is presumed where the plaintiff class contains forty or more members." (citation omitted)); *Ruggles v. Wellpoint, Inc.*, 253 F.R.D. 61, 66 (N.D.N.Y.2008) ("In the Second Circuit, numerosity is presumed at a level of 40 members..." (citation omitted)); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 485 (E.D.Cal.2006) ("A class with over forty members is presumed to satisfy the numerosity prerequisite." (citations omitted)); *Gulino v. Board of Educ. of the City Sch. Dist. of New York*, 201 F.R.D. 326, 331 (S.D.N.Y.2001); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y.1998) ("Generally speaking, courts will find that the 'numerosity' requirement has been satisfied when the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer."); *Thomas v. Christopher*, 169 F.R.D. 224, 237 (D.D.C. 1996), *aff'd in part and rev'd. in part*, 139 F.3d 227 (D.C. Cir. 1998); *Davis v. Northside Realty Assoc., Inc.*, 95 F.R.D. 39, 43 (N.D.Ga.1982) (noting that if class has more than 40 people in it then numerosity is satisfied; less than 25 people in it, numerosity is lacking); *Fifth Moorings Condominium, Inc. v. Shere*, 81 F.R.D. 712, 715 (S.D.Fla.1979) (observing that if class exceeds 40 people there is sufficient numerosity).

While the parties in this case dispute whether the putative class contains a maximum of 19 or 21 potential members, it is clear that either one of these numbers falls short of what is customarily deemed sufficiently numerous to be certified under Rule 23(a). Kennedy's assertion

that the putative class is sufficiently numerous is further weakened by the fact that, even though all putative class members knew of the EPA collective action concerning the same subject matter, only two additional plaintiffs chose to opt in. The Court finds that this indicates joinder, and not class certification, is the best way to ensure that those plaintiffs wishing to sue Virginia Tech can assert their claims. While the low opt in rate is not dispositive in and of itself, if this suit were of the type best resolved by a class action, more plaintiffs would have undoubtedly opted into the parallel EPA collective action.

Kennedy argues that the numerosity requirement of Rule 23 is satisfied not only by sheer numbers, but also because the class action mechanism better safeguards potential claimants against retaliation by Virginia Tech. Kennedy asserts that joinder is not practicable in this case because it is possible that some potential class members chose not to opt into the EPA collective action because they feared reprisal if they joined a suit against their employer. Kennedy notes a Fifth Circuit decision holding that in employment discrimination cases, courts sometimes certify somewhat smaller classes because it may be "reasonably presumed that those potential class members still employed by [defendant] might be unwilling to sue individually or join a suit for fear of retaliation at their jobs." *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999), *cert. denied*, 528 U.S. 1159 (2000).

Kennedy's argument would be more persuasive though if she had offered compelling evidence that the potential class members actually feared reprisal by Virginia Tech. Plaintiffs' counsel argues that deposition testimony clearly indicates a threat of retaliation by Virginia Tech against one of the potential class members. Counsel's argument rests on the supposition that because one such potential class member alerted Virginia Tech that she did not wish to participate in the EPA collective action, and Virginia Tech did not take affirmative steps to

assuage any of her completely unexpressed and unapparent fears of retaliation, Virginia Tech implicitly threatened retaliation. Dkt. No. 87, Pp. 13–14. However, the Court finds that the potential class member in question expressed no fear of reprisal, and Virginia Tech had no reason to take affirmative steps to quell unexpressed and unapparent feelings. Accordingly, the additional protection afforded by Rule 23's opt-out provisions are not warranted in this case.

### B. Ease of Identifying Plaintiffs

The ease of identifying any plaintiff who may wish to join this suit also indicates that joinder is practicable in this case, and therefore class certification is improper. Joinder is not impractical because the named plaintiffs, Kennedy, Hofberg, and Hanes, through their counsel, have access to the names, current addresses, and salary histories of all potential plaintiffs whose rights may be affected by the pending litigation. Because the plaintiffs themselves have identified all of the potential class members they seek to represent, joinder is practicable and preferred. *See NAACP Labor Comm., et al. v. Int'l Labor Union*, No. 90-0073-H, 1991 WL 332758, at *6 (W.D. Va. 1991).

### C. Geographic Dispersion

Federal courts may consider "administrative difficulties involved in interpretation and joinder" in considering whether to certify a class under Rule 23. *See, e.g., Hewlett v. Premier Salons Int'l*, 185 F.R.D. 211, 215 (D. Md. 1997); *Rosario v. Cook Country*, 101 F.R.D. 659, 661 (N.D. Ill. 1983). Geographic dispersal of the class members is an administrative difficulty to be considered. *Id.* at 663. However, the members of the proposed class largely are not scattered across a wide geographical area. While some members of the proposed class do currently reside outside of Virginia, only two reside in a state not bordering Virginia. Ten of the proposed class members are still employed by Virginia Tech, and eight more still reside in Virginia.

Considering the entire situation—the small number of potential class members, the ease of identifying the proper plaintiffs for joinder, and the relative geographic concentration of potential plaintiffs—the Court is unable to say that a class action would be "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

## IV. Conclusion

For the stated reasons, the Plaintiff's Motion for Class Certification is **DENIED**. An appropriate order shall issue this day. The Clerk is directed to send copies of this memorandum opinion and the accompanying final order to counsel of record for the Plaintiffs and Defendant.

ENTER: This 23rd day of September, 2010.

Senior United States District Judge