CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| SHANA L. KENNEDY, *et al.*, ) | |
| ) | Civil Action No. 7:08-cv-00579 |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | |
| ) | **Memorandum Opinion** |
| VIRGINIA POLYTECHNIC INST. & ) | |
| STATE UNIV., ) | |
| ) | By: Hon. James C. Turk |
| *Defendant*. ) | Senior United States District Judge |
| ) | |

This matter comes before the Court on Defendant Virginia Polytechnic Institute & State University's ("Virginia Tech") motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (Dkt. 97). Plaintiffs Shana Kennedy, Erin Hofberg, and Greta Hanes (collectively "Plaintiffs") brought this action alleging gender discrimination and retaliation under the Equal Pay Act, 29 U.S.C. § 206, *et seq.* (hereinafter "EPA") and under Title VII of the Civil Rights Act of 1964, United States Code, Title 42, Section 2000e, *et seq.* Plaintiffs seek monetary and injunctive relief against Virginia Tech. The case presents questions arising under the laws of the United States and this Court has jurisdiction pursuant to 28 U.S.C. § 1343(4) and 42 U.S.C. § 2000e-5(f).

Plaintiffs Shana Kennedy, Erin Hofber, and Greta Hanes (collectively "Plaintiffs") responded in opposition, (Dkt. 105), Virginia Tech replied, (Dkt. 110), and Plaintiffs sur-replied, (Dkt. 115). The Court heard oral arguments on January 24, 2011, and the matter is now ripe for disposition. For the reasons set forth in this Memorandum Opinion, Virginia Tech's motion for summary judgment is **DENIED**.

I.  **Background and Procedural History**

Plaintiff Shana Kennedy ("Kennedy") filed suit against Virginia Tech on October 7, 2008 alleging that Virginia Tech discriminated against her and other similarly situated female employees in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), *et seq.* and that Virginia Tech retaliated against her in violation of the EPA, 29 U.S.C. § 215(a)(3), *et seq.* Kennedy brought her EPA suit under the Fair Labor Standards Act representative action provision, 29 U.S.C. § 216(b). In these collective actions, similarly situated employees may join the plaintiff's case, but the employees must affirmatively opt into the case by filing a written consent to join. *Id.* On December 12, 2008, Plaintiff Erin Hofberg ("Hofberg") opted into Kennedy's EPA suit against Virginia Tech.

Upon receiving leave of this Court to file a second amended complaint, on July 24, 2009, Kennedy and Hofberg added sex discrimination and retaliation claims against Virginia Tech for violations of Title VII, 42 U.S.C. §2000e-2–3. On July 27, 2009, Plaintiff Greta Hanes opted into Plaintiff Kennedy's EPA collective action suit. On March 25, 2010, the Court dismissed Hofberg's Title VII claim as untimely.

Plaintiffs' EPA claim alleges that Virginia Tech failed to justly compensate Kennedy and similarly situated female employees on the basis of sex "by compensating them at a rate less than [that] which it pays similarly situated male employees for equal work on jobs, the performance of which required equal skill, effort, and responsibility, and which were performed under similar working conditions." Second Amended Complaint at ¶ 2. Plaintiffs' Title VII claim alleges that this unequal pay scheme constitutes sex discrimination. Second Amended Complaint at ¶ 5. Kennedy's retaliation claim alleges that Virginia Tech constructively reprimanded her, required her to achieve impossible performance benchmarks or risk termination, imposed unreasonable work conditions on her, and denied her important training opportunities. (Dkt. 105, at 16).

## II. Standard of Review

Summary judgment is proper where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the non-moving party. *Ricci v. DeStefano*, 129 S.Ct. 2658, 2677 (2009). Summary judgment should be entered if the Court finds, after a scrupulous review of the record, that no reasonable jury could return a verdict for the non-moving party. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir. 1996).

In considering a motion for summary judgment, a court must consider the facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also MLC Automotive, LLC, v. Town of Southern Pines*, 532 F.3d 269, 273 (4th Cir. 2008). A summary judgment motion should not be granted "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and established affirmatively that the adverse party cannot prevail under any circumstance." *Campbell v. Hewitt, Coleman, & Assocs., Inc.*, 21 F.3d 52, 55 (4th Cir. 1994). The moving party bears the burden to establish either the absence of a genuine issue of material fact or the absence of evidence to support the non-moving party's case. *MLC Automotive*, 532 F.3d at 281.

## III. Analysis

### a. Discrimination Claims

#### i. EPA Claims

To establish a prima facie case under the Equal Pay Act, a plaintiff must establish that "(1) her employer [paid] her a lower wage than a male counterpart (2) for equal work on jobs the

3

performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974); *Fowler v. Land Mgmt. Group, Inc.*, 978 F.2d 158, 161 (4th Cir. 1992). To establish a prima facie case, it is not necessary for a plaintiff to prove that the work of her comparators is identical in every aspect—"equal work" does not mean "identical work." 29 C.F.R. § 1620.14(a). In this case, both parties agree that Plaintiffs were paid less upon hire than several similarly situated male employees, all of whom testified in their depositions that their jobs were the same as Plaintiffs'. (Dkt. 105, at 29–31). Accordingly, the Court finds that Plaintiffs have satisfied their burden of establishing a prima facie case to go forward.

Once a plaintiff establishes a prima facie case, the employer bears the burden to prove, by a preponderance of the evidence, that the pay differential was motivated by one of four statutory exceptions. *Strag v. Bd. of Trustees*, 55 F.3d 943, 948 (4th Cir. 1995); *EEOC v. Whitin*, 635 F.2d 1095, 1097–98 (4th Cir. 1980). Differential pay is only legal where the difference is made pursuant to a (1) seniority system, (2) merit system, (3) "quality of work" system, or (4) other gender neutral standard. 29 U.S.C. § 206(d)(1). Finders of fact may consider evidence of the competing experience and qualifications of the male comparators and the plaintiff, their relative salary histories, and the employer's research to determine plaintiff's salary. *Brinkley v. Harbor Rec. Club*, 180 F.3d 598, 614–15 (4th Cir. 1999).

Virginia Tech argues that the overwhelming, uncontroverted material facts establish that Virginia Tech used only gender-neutral factors in determining Plaintiffs' salaries, and that any difference between Plaintiffs' salaries and their comparators can be explained by objective metrics, including: fund-raising experience, sales and marketing experience, graduate degrees, work experience in higher education, number of employees the fundraiser may supervise, salary

4

survey data, and whether the fundraiser was an internal hire. (Dkt. 98, at 28–29). Virginia Tech also places great emphasis on the fact that Plaintiffs actually had *higher* salaries than some male employees, whom Virginia Tech asserts are proper comparators. *Id.* at 27–28.

However, Plaintiffs assert evidence indicating that Virginia Tech's salary decisions were not completely objective, and that some degree of subjectivity informed the salary determinations. For instance, Thim Corvin, who made the actual salary recommendations for Virginia Tech's Development Office, stated in a deposition that the process for determining starting salaries involved subjective determinations, where the use of certain qualifications, survey data, and comparators was, at least in some small part, arbitrary. (Dkt. 105, at 13–15.) Plaintiffs also argue that Virginia Tech's emphasis on some lower-salaried male comparators is misplaced. As the Plaintiffs rightly observe, the Court cannot grant summary judgment based solely on the salaries of comparators proffered by the defendant, because plaintiffs may properly designate comparators for the Court to consider. *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 345 (4th Cir. 1994); *see also Cooke v. United States*, No. 06-748C, 2007 WL 4302417 (Fed. Cl. Dec. 6, 2007) (holding that a defendant may not proffer its own comparators for a plaintiff, but that plaintiffs may choose their own). Plaintiffs have proffered other comparators, several male fundraisers who occupied similar positions at Virginia Tech, who were, in fact, paid more than Plaintiffs. (Dkt. 115, at 2).

Because Plaintiff has established a prima facie case under the EPA, the Court may not grant summary judgment for Virginia Tech if a reasonable jury could find that the pay differential was, at least in part, motivated by a non-gender-neutral standard. While Virginia Tech has proffered evidence indicating that it made its pay determinations without regard to gender, Plaintiffs' evidence that (1) several male comparators earned higher salaries than

5

Plaintiffs' and (2) that Virginia Tech made these salary determinations based, in some small part, on subjective criteria would allow a reasonable jury to infer that Virginia Tech's actions were illegal. Because there is a chance, however large or small it might be, that a reasonably jury could find in Plaintiffs' favor on the EPA claim, summary judgment is improper.

### ii. Title VII Claims

Title VII prohibits differential treatment of employees on the basis of gender. 42 U.S.C. § 2000e-2(a)(1); *see Evans v. Techs. Apps. & Svc. Co.*, 80 F.3d 954, 959–60 (4th Cir. 1996). Plaintiffs may present their employment discrimination claims through either of "two avenues of proof." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284–85 (4th Cir. 2004) (*en banc*). Plaintiffs may prove gender discrimination outright, or plaintiffs may proceed under the alternative *McDonnell-Douglas* framework. *Id.*

Under this alternative framework, plaintiffs without direct evidence of discrimination may still survive summary judgment if they can establish a prima facie case of illegal discrimination. *McDonnell-Douglas*, 411 U.S. at 802. To establish a prima facie case, a plaintiff must demonstrate that (1) she is a member of a protected class; (2) she was paid less than an employee outside the class; and (3) the higher paid employee was performing a substantially similar job. *See Brinkley-Obu*, 36 F.3d at 343. If the plaintiffs establish a prima facie case, a Court may presume illegal discrimination, and the burden shifts to the employer to articulate some legitimate, non-discriminatory reason for its employment decision. *Id.* If the employer offers admissible evidence sufficient for the trier of fact to conclude that the employer's reasons were legal, the presumption of discrimination "drops from the case," and the employee must demonstrate that the employer's stated reason for the action was a pretext for illegal discrimination. *Id.*

In this case, Plaintiffs are female, and were paid less than some similarly situated male employees. Thus, Plaintiff has established a prima facie case of discrimination under Title VII. To rebut the presumption of discrimination, Virginia Tech has offered evidence showing that the factors it used to determine Plaintiffs' compensation were gender-neutral, namely: fund-raising experience, sales and marketing experience, graduate degrees, work experience in higher education, number of employees the fundraiser may supervise, salary survey data, and whether the fundraiser was an internal hire. (Dkt. 98, at 28–29). Virginia Tech has therefore met its obligation to articulate legitimate, non-discriminatory reasons for its differential compensation. To survive summary judgment, therefore, Plaintiffs must demonstrate evidence sufficient for a reasonable jury to find that Virginia Tech's proffered reasons were merely pretextual.

To carry this burden, Plaintiffs present evidence that Robert Bailey, Senior Director of Regional Major Gifts for Virginia Tech, allegedly told Kennedy that as a woman, and not the head of her household, she was not worth the same as the man who held the position at the time. (Dkt. 105, at 22). In the same conversation, Kennedy stated that Bailey also told her that hiring a woman can be a liability and waste of space because women could become pregnant and miss work. *Id.* Bailey also admitted that he might have told Kennedy that if she repeated any of those statements, he might "slap her with a 'wet noodle,'" a phrase with arguable phallic subtext. *Id.* at 22. Further, Plaintiffs allege that Virginia Tech required Kennedy to achieve certain mandatory benchmarks to receive a promotion that her male counterparts were not required to achieve. *Id.* at 23.

The Court may not enter summary judgment if a reasonable jury could find that Virginia Tech's proffered reasons for the pay differential between Plaintiffs and some male counterparts were pretextual. While Virginia Tech has proffered evidence indicating that it made its pay

7

determinations without regard to gender, Plaintiffs' evidence would allow a reasonable jury to infer that Virginia Tech's actions were illegal. As stated by the Supreme Court, "a prima facie case and sufficient evidence of pretext may permit a trier of fact to find unlawful discrimination, without additional, independent evidence of discrimination. . . ." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000). Because a reasonably jury could potentially find Virginia Tech liable for Title VII violations, summary judgment must be denied.

### b. Kennedy's Retaliation Claim

A prima facie case of Title VII and EPA retaliation requires a plaintiff to show, by a preponderance of the evidence, that (1) she engaged in protected activity; (2) her employer acted adversely against her; and (3) the protected activity and the adverse action were causally connected. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007); *King v. Rumsfeld*, 328 F.3d 145, 150–51 (4th Cir. 2003); *Boyd v. Rubbermaid Commercial Prods., Inc.*, No. 96-2233, 1998 WL 54793, at *1 (4th Cir. Feb. 11, 1998).

To establish that she was engaged in a protected activity, a plaintiff must show that she opposed a prohibited discriminatory practice or participated or assisted in an investigation or charge of discrimination. 42 U.S.C. § 2000e-3(a). Protected activity "encompasses utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 259 (4th Cir. 1998). Protected activities outlined in the statute are (1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII. *Id.*; 42 U.S.C. § 2000e-3(a).

To show an adverse action, a plaintiff must show that a reasonable employee would have found her employer's actions materially adverse. *Burlington Northern & Santa Fe Ry. Co. v.*

*White*, 548 U.S. 53, 68 (2006). An action is materially adverse if the action "could well" dissuade reasonable employees from protected conduct. *Id.* In establishing a prima facie case, a plaintiff's burden is not "onerous." *Davis v. Dimensions Health Corp.*, 639 F.Supp.2d 610, 617 (D. Md. 2009) (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)). If the plaintiff can make out a prima facie case, the burden shifts to the employer to offer a non-discriminatory basis for the adverse employment action. *Matvia v. Bald Head Island*, 259 F.3d 261, 271 (4th Cir. 2001). If the employer does so, the plaintiff can demonstrate that the stated basis is merely pretextual. *Id.*

Virginia Tech argues that Kennedy's retaliation claim must be summarily dismissed because there is no evidence from which a reasonable jury could find that Virginia Tech acted adversely against Kennedy. (Dkt. 98, at 36). Virginia Tech points out that Kennedy suffered no loss of pay, demotion, or any other discipline, and was, in fact, given a raise. Virginia Tech asserts that the only employment actions that Kennedy could possibly claim were "adverse" were the extension of performance benchmarks, which Kennedy claims was unreasonable, and Virginia Tech's request of Kennedy's travel receipts, which Kennedy alleges Virginia Tech requested of no other employee. (Dkt. 98, at 38). Further, Virginia Tech argues that even if Kennedy suffered a tangible employment action, she did not engage in any protected activity. *Id.* at 38–40.

Kennedy asserts that she did engage in protected activity by contacting Virginia Tech administrator Sara Leftwich to complaint about Robert Bailey's inappropriate comments and by corroborating Plaintiff Hanes' EEOC complaint relating to other conduct by Bailey. (Dkt. 105, at 39–40). As the summary judgment movant, Virginia Tech has failed to demonstrate that

Kennedy's assertions are untenable as a matter of law. Accordingly, the Court cannot say that no reasonable jury could find that Kennedy engaged in protected conduct.

Kennedy claims in her deposition that she suffered adverse employment actions in that Virginia Tech unnecessarily reprimanded her by changing her agreed performance criteria without notice, required her to meet objectively impossible benchmarks, denied her important training opportunities, and insisted that she provide copies of business trip receipts when Virginia Tech lost the originals. *Id.* at 41. During this time period, Kennedy alleges she was ill and requested additional time for compliance, but Virginia Tech rebuffed her. *Id.* In light of this sworn deposition testimony, the Court cannot conclude, as a matter of law, that a reasonable jury could not find that Kennedy suffered an adverse action. Likewise, because both the alleged protected activity and the alleged adverse actions occurred within several months of each other, a reasonable jury could find that the two were causally connected. Accordingly, summary judgment on Kennedy's retaliation claim must be denied.

### c. Timeliness of Hofberg's EPA Claim

Under the Equal Pay Act, an action must be commenced "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). To prove willfulness, and be entitled to a three-year statute of limitations, a plaintiff must demonstrate that her employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [EPA]." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Mere negligence is insufficient. *Id.*

The undisputed evidence establishes that Hofberg last worked for Virginia Tech on August 2, 2006. Therefore, her EPA cause of action necessarily had to accrue before that date.

Hofberg, however, did not file her complaint in this case until November 2008, outside the two year general limitations period for EPA actions. Accordingly, Hofberg's EPA claim is time barred unless Virginia Tech's actions were willful as contemplated by the statute of limitations.

The Fourth Circuit holds that factual disputes about the issue of willfulness for EPA statute of limitations purposes should be treated like any other factual determination that are routinely left for the jury to decide. "In general, issues of fact bearing on the application of a statute of limitations are submitted, as are other issues of fact, for determination by the jury." *Fowler*, 978 F.2d 158, 162 (4th Cir. 1992) (holding that it was "error for the district court in [the] case to refuse to submit the 'willfulness' issue to the jury).

Virginia Tech claims that Hofberg has produced no evidence to establish that Virginia Tech disregarded its obligations under the EPA, either through the subjective actions of its administrators, or through the objective criteria used to determine salaries. (Dkt. 98, at 30). However, Plaintiffs have demonstrated some evidence indicating that Virginia Tech's conduct was "willful"; namely, Kennedy's deposition testimony about Robert Bailey's comments and Dr. Alexander Vekker's conclusion that Virginia Tech's differential salaries for males and females was intentional. (Dkt. 105, at 27). There is then a factual dispute about whether Virginia Tech's actions were willful such that Hofberg's EPA claim is timely. Because there is a clear factual dispute about the willfulness of Virginia Tech's conduct toward Hofberg, the Court will submit the statute of limitations question to the jury.

## IV. Conclusion

Because there are numerous factual issues regarding Plaintiffs' Title VII and EPA claims such that a reasonable jury could find in either party's favor, the Court cannot grant Virginia Tech's motion for summary judgment on any of Plaintiffs' claims. For the reasons stated above,

it is hereby **ORDERED** that Defendant Virginia Tech's motion for summary judgment (Docket No. 97) is **DENIED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Final Order to counsel of record for both parties.

**ENTER**: This 7th day of February, 2011.

Hon. James C. Turk
Senior United States District Judge