UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHANA L. MARON, et al, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Civil Action No.: 7:08:CV579 |
| ) | |
| VIRGINIA POLYTECHNIC ) | |
| INSTITUTE and ) | |
| STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE MARON'S EVIDENCE OF DAMAGES ARISING OUT OF HER WORK AS AN ASSISTANT DIRECTOR OF DEVELOPMENT FOR THE ARTS**

Comes now the Defendant, Virginia Polytechnic Institute & State University ("Virginia Tech"), by counsel, and moves to exclude any evidence, argument, or testimony from or on behalf of Plaintiffs that Maron suffered any damages arising out of her work as an Assistant Director of Development for the Arts. Maron testified under oath in her deposition that she did not suffer pay discrimination while working as an Assistant Director of Development for the Arts, her first fund-raiser position at Virginia Tech. At trial, Maron cannot rise above that sworn testimony to claim damages under Title VII or the Equal Pay Act ("EPA").

Statement of the Case

This case is currently before the Court on Plaintiffs' claims for monetary and injunctive relief under the Equal Pay Act, 29 U.S.C. §206, et seq.

(hereinafter, "EPA") and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (hereinafter, "Title VII"). Plaintiffs were employed as fund-raisers in University Development at Virginia Tech.

Plaintiff Maron began work at Virginia Tech in March 2006 as an Assistant Director of Development for the Arts. Her initial salary was $49,000, and she was provided with a relocation reimbursement. On July 13, 2007, Maron resigned her position as a fund-raiser for the Arts to accept a position as an Assistant Director of Development for the College of Engineering, beginning July 16, 2007. Maron's starting salary as a fund-raiser for the College of Engineering was $57,470.

Based on various pre-trial disclosures by Plaintiffs, it appears that Maron will make a claim at trial for EPA damages arising out of her employment as an Assistant Director of Development for the Arts. Maron is not entitled to such damages where she has unequivocally testified that she did not suffer pay discrimination in the Arts position.

<u>Arguments and Authorities</u>

Plaintiff Maron has testified under oath that she did not suffer pay discrimination while working as an Assistant Director of Development for the Arts. During her deposition, Maron testified that she was <u>not</u> underpaid while working as an Assistant Director of Development for the Arts, her initial position at Virginia Tech.

> Q. I'm asking you here today, though, in October 2009, looking back, is it your contention that you were underpaid, while working as an assistant director of development in the arts at Virginia Tech?
> A.   No.

2

> Q. When then were you underpaid, while you worked for Virginia Tech, in what position?
> A. I was underpaid in the College of Engineering…
> ….
> Q. Okay, but let's, let's focus in on you. In regard to you, Shana Kennedy, are you claiming a violation of the Equal Pay Act for you, Shana Kennedy, while you were working as an assistant director for the arts?
> A. Um, no.

[Kennedy, pp. 86-87, attached hereto as Exhibit A]

Later, during the same deposition, Maron was asked again about her allegations of discrimination.

> Q. You testified earlier that the discrimination against you at Virginia Tech began when you applied for a job in the College of Engineering, correct?
> A. It began when I applied for the position of regional director.
> Q. So you believe that the discrimination against you at Virginia Tech began when you applied for a job for regional director?
> A. Yes.

(Kennedy, p. 297)

As a matter of law, Maron cannot claim that she was underpaid while working as an Assistant Director of Development for the Arts at Virginia Tech. Even after the exchange of voluminous written discovery, Maron testified unequivocally that she was not underpaid in this position. Maron cannot rise above that testimony to make a claim for such damages at trial. See, Massie v. Firmstone, 114 S.E. 652, 655-66 (1922).

The rule set forth in Massie stands as a common-law Virginia rule of evidence. A party who testifies to a fact within its knowledge may not controvert this fact through other evidence; that is, one may not rise above one's own testimony where that testimony, if true, would preclude success on the merits.

3

See, <u>Powers v. Wal-Mart Stores, Inc.</u>, No. CIVA 2:05CV00070, 2006 WL 2868320 (W.D. Va. Oct. 5, 2006)(Trial court granted summary judgment to defendant in a slip and fall case where plaintiff's deposition testimony would preclude her from establishing requisite evidence that store had notice of hazardous condition.) See also, <u>Amer. Commc'n. Network v. Williams</u>, 264 Va. 336 (2002)(Supreme Court of Virginia reversed a trial court verdict in favor of plaintiff in a defamation case where plaintiff had testified as to truth of statements that formed basis of defamation claim.)

In <u>Massie</u>, the plaintiff real estate broker sued Firmstone, a land owner, over an alleged lost commission from sale of the Firmstone's land. However, the real estate broker's own letters and trial testimony confirmed that the broker did not have a valid agreement with the land owner upon which the broker could rely for a breach of contract action or any other action to recover a real estate commission. The real estate broker could not produce any other evidence to support his claim for a sales commission. In upholding the jury's defense verdict in favor of the land-owner, the Supreme Court of Virginia noted, "No litigant can successfully ask a court or jury to believe that he has not told the truth. His statements of fact and the necessary inferences therefrom are binding upon him. He cannot be heard to ask that his case be made stronger than he makes it, where, as here, it depends upon facts within his own knowledge and as to which he has testified." <u>Massie v. Firmstone</u>, 114 S.E. at 656.

Similarly, in the case at bar, Maron cannot rely upon any other testimony or evidence to rise above her own testimony that she did not suffer pay discrimination while working as an Assistant Director of Development for the Arts.

### Conclusion

Based on the foregoing arguments and authorities, Virginia Tech respectfully requests that the Court enter an Order to strike any claim for Equal Pay Act damages Plaintiff Maron may assert at trial where such damages arise out of Plaintiff's work as an Assistant Director of Development for the Arts. Plaintiff cannot controvert her prior sworn testimony on this issue.

Respectfully submitted,

VIRGINIA POLYTECHNIC INSTITUTE & STATE UNIVERSITY

By: _____/s/ Mary Beth Nash_____
        Counsel

Kay K. Heidbreder, VSB No. 22288
General Counsel and
Special Assistant Attorney General
Mary Beth Nash, VSB No. 38800
Associate Counsel and
Special Assistant Attorney General
Virginia Polytechnic Institute & State University
236 Burruss Hall
Blacksburg, VA 24061
(540) 231-6293
(540) 231-6474 facsimile
heidbred@vt.edu
mbnash@vt.edu
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2011, a true and correct copy of the Defendant's Memorandum of Law in Support of Motion in Limine was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Nicholas W. Woodfield, Esquire, lead counsel for the Plaintiffs.

/s/Mary Beth Nash

Kay K. Heidbreder, VSB No. 22288
General Counsel and
Special Assistant Attorney General
Mary Beth Nash, VSB No. 38800
Associate Counsel and
Special Assistant Attorney General
Virginia Polytechnic Institute & State University
236 Burruss Hall
Blacksburg, VA 24061
(540) 231-6293
(540) 231-6474 facsimile
heidbred@vt.edu
mbnash@vt.edu
Counsel for Defendant