CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 26 2013

JULIA C. DUDLEY, CLERK
BY: _____
       DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

| | | |
|---|---|---|
| **SHANA L. MARON, *et al.*,** | ) | |
| | ) | **Civil Action No. 7:08-cv-00579** |
| *Plaintiffs,* | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **VIRGINIA POLYTECHNIC INST. &** | ) | |
| **STATE UNIV.,** | ) | |
| | ) | **By: Hon. James C. Turk** |
| *Defendant.* | ) | **Senior United States District Judge** |
| | ) | |

This case is currently before the Court on remand from the United States Court of Appeals for the Fourth Circuit. In its opinion, the Fourth Circuit affirmed this Court's award of a new trial on the Plaintiffs' wage claims and affirmed the entry of judgment as a matter of law on Plaintiff Hofberg's wage claim on the grounds that it was time-barred. The Fourth Circuit reversed this Court's entry of judgment as a matter of law on Shana Maron's retaliation claim, finding that "the evidence [at the first trial] provided a legally sufficient basis on which a jury could have concluded that Virginia Tech's actions were materially adverse and resulted from Maron's protected activity." ECF No. 285 at 19. It nonetheless remanded for a determination whether a new trial should be granted on that claim, since this Court did not conditionally rule on Virginia Tech's alternative motion for new trial on Maron's retaliation claim. Id. In particular, the Fourth Circuit noted that Fed. R. Civ. P. 50 requires that a district court granting a renewed motion for judgment of law "must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Id. at 12 (quoting Fed. R. Civ. P. 50(c)(1)).

Accordingly, this Court is now tasked with evaluating Defendant's motion for new trial as to Maron's retaliation claim. The Court allowed the parties an opportunity to file any supplemental briefing on this issue, and the Court has considered both filings. ECF Nos. 302, 304. Additionally, the Court heard arguments on the motion on July 24, 2013.

For the reasons set forth below, Defendant's motion for a new trial as to Maron's retaliation claim is **GRANTED**.

## I.    BACKGROUND

The factual background of this case is set forth in more detail in this Court's prior memorandum opinions and in Maron v. Virginia Polytechnic Institute & State Univ., 508 F. App'x 226 (4th Cir. January 31, 2013), also docketed at ECF No. 285. Except to the extent necessary to resolve the instant claims, the Court will not repeat that background here. The specific facts related to Maron's claim of retaliation are discussed in context herein.

## II.    ANALYSIS

The standards for evaluating a motion for new trial differ in significant respects from the standard applied when ruling on a motion for judgment as a matter of law. Judgment as a matter of law "is warranted only when the evidence has failed to provide a legally sufficient basis on which a jury could have rendered its verdict in favor of the non-moving party." Maron, 508 F. App'x at 229 (citing Fed. R. Civ. P. 50). Significantly, moreover, a court ruling on judgment for a matter of law may not weigh evidence or consider the credibility of witnesses, but must view the evidence in the light most favorable to the non-moving party and draw legitimate inferences in its favor. Konkel v. Bob Evans Farms, Inc., 165 F.3d 275, 279 (4th Cir. 1999).

By contrast,

> [i]n ruling on a motion for a new trial, a court weighs the evidence
> and considers the credibility of witnesses. King v. McMillan, 594

> F.3d 301, 314 (4th Cir. 2010). A court will award a new trial when
> the verdict was against the clear weight of the evidence, was based
> on false evidence, or would result in a miscarriage of justice. Id. at
> 314-15. The decision to grant or deny a motion for a new trial lies
> within the district court's discretion. Id.

Id. at 232. The inquiry as to whether a new trial is warranted, therefore, is a broader one—it allows the Court both to weigh evidence and to consider credibility, and there is no requirement that evidence be construed in the light most favorable to the nonmoving party. See Maron, at 232. Applying these standards here, the Court is firmly convinced that a new trial must be granted on Maron's claim.

Maron's retaliation claim is governed by well-established law. To succeed on her claim, she was required to prove that: "(1) [she] engaged in a protected activity; (2) her employer acted adversely against her; and (3) the protected activity and the adverse action were causally connected." Maron, 508 F. App'x at 230 (citing Holland v. Wash. Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007)). The first element is not disputed in this case. This court initially granted judgment as a matter of law on the grounds that there was not sufficient evidence of the second element, concluding that "a reasonable jury could find that, at most, Maron suffered a 'petty slight' and not a materially adverse action." ECF No. 211 at 8. Because of its ruling on the second element, the Court did not discuss the third element of Maron's retaliation claim. See generally id.

In its supplemental brief, Defendant Virginia Tech argues that the verdict cannot stand because it is "against the clear weight of the evidence and does not comply with the 'but for' causation standard recently announced" in Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517 (June 24, 2013). ECF No. 303 at 1-2. In particular, Virginia Tech posits that the testimony of defense witnesses Betsy Flanagan and Thim Corvin clearly outweighs the evidence in favor of

3

Maron, which primarily consists of Maron's testimony. Defendant Virginia Tech also contends that Maron "cannot rely on the alleged actions of Virginia Tech employee, Erin Edwards, to prove her retaliation case, because Erin Edwards is not a "supervisor," relying on <u>Vance v. Ball State Univ.</u>, 133 S. Ct. 2434 (June 24, 2013). <u>Id.</u> at 2.[1]

Plaintiff's supplemental brief focuses largely on trying to limit the issues before the Court. <u>See</u> ECF No. 302. It begins by suggesting that the only grounds on which Virginia Tech has moved for a new trial was that Maron did not establish the second element of her claim. ECF No. 302 at 2. As a result, Plaintiff maintains that "this is the only argument that is before the [court] . . . and no new bases should be allowed to be argued or considered at this time." <u>Id.</u> At argument, Plaintiff's counsel contended that it was inconsistent with Rule 50 to allow additional briefing on other issues, and that the Court should rule on the pending motion that was before it back in 2011, without considering any new arguments. Essentially, Plaintiff's argument is that any grant of a new trial is limited to the grounds specified in the original motion and that here, Virginia Tech has abandoned or waived any argument other than the one challenging the second element of Plaintiff's claim.

Notably, Plaintiff cites to no authority for this argument,[2] and the Court finds it unpersuasive. Indeed, the Court concludes there are at least two flaws with this argument. First, as a factual matter, Defendant's motion for new trial was contained within the same document as

---

[1] Virginia Tech further asserts that even if the jury's verdict on liability were appropriate, its damage award of $61,000 was 'excessive because Plaintiff produced no evidence of damages caused by the alleged retaliation" and thus it renews its prior motion for remittitur. ECF No. 303 at 2. Plaintiff contends that the issue of remittitur is not before the Court. <u>See</u> ECF No. 302 at 3. The Court's ruling that a new trial is required on the issue of liability renders the issue of remittitur moot.

[2] In its discussion of remittitur, Plaintiff cites only to <u>United States v. Francis</u>, 29 F. App'x 128, 130 (4th Cir. 2002) and <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 241 n.6 (4th Cir. 1999), both of which are inapposite. These cases merely stand for the proposition that an argument that is not briefed in an opening brief or argued on appeal is generally deemed abandoned for purposes of the appeal. <u>But see</u> <u>Snyder v. Phelps</u>, 580 F.3d 206, 227 (4th Cir. 2009) (Shedd, J. concurring) (acknowledging the general rule as the norm, but noting that the appellate court is not precluded from considering issues not raised by the parties); <u>id.</u> at 227-228 (collecting and discussing authority supporting the appellate court's discretion to address an issue not raised in an initial brief).

4

its Rule 50(b) motion, and its supporting memorandum contains a number of references and reasons as to why Maron did not prove her retaliation claim. Admittedly, Virginia Tech's primary argument was that Plaintiff did not present evidence to show she suffered a materially adverse employment action. But its brief also included a heading and more general statements indicating that Maron failed to prove her retaliation claim and statements, albeit scant, that she failed to establish the third element, as well. See ECF No. 198 at 15 (heading saying the verdict should be set aside "because Maron failed to prove any adverse action causally related to her complaints about gender discrimination"); id. at 17 (in its discussion as to why remittitur or a new trial is appropriate, Virginia Tech arguing, "To the extent that Maron suffered any adverse action by Virginia Tech, the evidence does not establish a nexus between such action . . . and her complaints about pay disparity."). This last statement, in particular, goes directly to the third element of Maron's retaliation claim.

Second—and significantly—Plaintiff's argument that Defendant has somehow waived the specific challenges to the verdict contained in its supplemental briefing ignores Rule 59(d). This Rule expressly allows a court to grant a new trial on its own initiative on an issue not raised in a party's new trial motion, after giving the parties notice and an opportunity to be heard. Fed. R. Civ. P. 59(d). The Court thus concludes that the opportunity for supplemental briefing here and the hearing held to address Virginia Tech's motion, are sufficient notice to rule on a ground even if that ground was not raised at all in Virginia Tech's initial motion. Cf. Valtrol, Inc. v. General Connectors Corp., 884 F.2d 149, 155-56 (4th Cir. 1989) (citations omitted) ("[t]he notice requirement may not be ironclad, but the rule clearly contemplates notice in the ordinary case."); see also 22 Charles Alan Wright et al., Federal Practice and Procedure § 2813 (3d ed. 2013) (a party "always can suggest to the court that it should on its own grant the motion on a

ground not stated" in its motion) (citation omitted). In sum, the Court concludes it may grant the motion for new trial on the grounds set forth in Virginia Tech's supplemental briefing.[3]

In its supplemental brief, Virginia Tech persuasively explains in its filing how the clear weight of evidence at trial showed that each of the three actions alleged by Maron to be retaliatory (and identified by the Fourth Circuit as allegations that could support her retaliation claim) either did not occur or were not taken in retaliation for her prior complaint. First, as to Maron being counseled for her "poor judgment" and being told to stay below the radar, Virginia Tech relies heavily on the testimony of Flanagan and Corvin. Flanagan credibly testified that she counseled Maron because of her poor judgment in sending emails to donors and speaking on behalf of Virginia Tech in the wake of the April 16 mass shooting on the university's campus. Trial Tr. 145-47, 149-151. Notably, moreover, Maron admitted to mistakes and poor judgment. Trial Tr. 308-09. Similarly, Corvin's testimony, which the Court also finds credible, was that he was concerned about Maron's judgment in emailing donors and in signing up for and attending a conference without her supervisor's permission. Trial Tr. 479-80.[4] The Court easily finds that any conclusion by the jury that Maron's complaint of discrimination was the but-for cause of her counseling, see Univ. of Tex., 133 S. Ct. 2517, is against the clear weight of the evidence.

---

[3] Plaintiff also makes related arguments regarding the law of the case, claiming that the Fourth Circuit's opinion is dispositive on the issues before the Court. See ECF No. 302 at 4 & n.1. This argument is based on either a misunderstanding or a misreading of the Fourth Circuit's opinion, and confuses the two different standards implicated by Defendant's post-trial motions. The Fourth Circuit's holding regarding Maron's retaliation claim was in the context of evaluating this Court's ruling on the motion for judgment as a matter of law. It expressly remanded for this Court to rule on the motion for new trial. Thus, nothing about granting the motion for new trial in this case violates the law of the case doctrine. See, e.g., Jennings v. Jones, 587 F.3d 430, 439 (1st Cir. 2009) (after discussing different standards for two types of motions, noting that "[i]n short, a district court may err in granting a motion for [judgment as a matter of law] and not abuse its discretion in granting a motion for new trial. . . . In some cases, the evidence might preclude judgment as a matter of law and yet lean so heavily in the other direction so as to justify a district judge in ordering a new trial.") (citation and internal quotation marks omitted).

[4] The appellate court even pointed out that the record contained "evidence that Flanagan was frustrated with Maron's 'poor judgment' related to her work with donors." Id. at 230.

With regard to Maron's contention that her benchmarks were unable to be met or were unfair, the evidence at trial clearly showed that was not the case.[5] Indeed, this Court previously ruled in discussing Maron's retaliation claim:

> At the time Maron resigned, she was eligible for a promotion and an additional five percent salary increase. Moreover, all fundraisers at Virginia Tech have performance benchmarks which they are expected to meet, and when fundraisers do not meet those benchmarks, they can expect that Virginia Tech will hold them in lower esteem and potentially take action. No trial evidence demonstrated that Maron's benchmarks were objectively unreasonable.

ECF No. 211 at 8. Although the Fourth Circuit ruled that higher benchmarks could be a retaliatory action, thereby satisfying the second element of her claim, this Court nonetheless concludes, consistent with its earlier opinion, that Maron was not given "objectively unreasonable benchmarks" and further concludes that any finding that the benchmarks she faced were imposed in retaliation for her complaint of discrimination clearly would be against the clear weight of the evidence at trial.

Finally, although Maron did testify that her job had been posted while she was out on medical leave, the Court finds that the greater weight of the evidence clearly reflects that was not the case. In particular, both Corvin and Flanagan testified that they had no knowledge of Maron's position being posted while she was out on leave. Trial Tr. 477, 596. Flanagan also explained that she had the final say on posting jobs and that, during that time, Virginia Tech was hiring "lots of fund-raisers." Trial Tr. 596.

Having sat through the trial and observed the witnesses as they testified, this Court concludes that any finding by the jury that the foregoing actions were taken against Maron in

---

[5] As recognized by the Fourth Circuit in its opinion, there was "evidence in the record [that] conflicted with Maron's testimony concerning whether her fundraising benchmarks improperly were altered, and whether her supervisors had attempted to replace her while she was ill and unable to work." Id. at 231.

response to her complaint of discrimination are against the clear weight of the evidence. There was clear evidence that to the extent any of these actions were actually taken, they were not done so in response to her complaining about gender discrimination. In short, applying the standards for granting a new trial to Plaintiff Maron's retaliation claim, and considering the evidence presented at the first trial of this case, the Court is firmly convinced that the jury's verdict in Maron's favor was against the clear weight of evidence.

## III.   CONCLUSION

For these reasons, Virginia Tech's motion for a new trial as to Plaintiff Maron's retaliation claim is **GRANTED**.

An appropriate Order shall issue this day.

**ENTER**: This 2̲6̲ᵗʰ day of July, 2013.

Senior United States District Judge